J-A13014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF EDWARD L. IRWIN, JR., ALSO KNOWN AS EDWARD L. IRWIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROXANNE ROTHBERGER | No. 1125 WDA 2015 |

Appeal from the Order Entered June 5, 2015
In the Court of Common Pleas of Allegheny County
Orphans' Court at No: 2003 OF 2013

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

CONCURRING MEMORANDUM BY STABILE, J.:  **FILED NOVEMBER 15, 2016**

I fully join the Majority and write solely to express my view that when a trust "terminates" upon a principal's death under 20 Pa.C.S.A. § 5603(b)(1), it is a reference to the fact that the purpose of the trust has been fulfilled.  This is not the equivalent, however, of saying that a trustee no longer has any duties upon a principal's death.  Administration of a trust must be completed, and that includes all attendant duties necessary to closing out a trust.

To be sure, Section 5603(b)(1) is not *per se* a termination provision. Rather, Section 5603(b) only provides authority for an agent acting under a power of attorney to establish a trust for the benefit of a principal.  Section 5603(b)(1) directs how the income and corpus of a trust may be used during a principal's life and provides that, upon a principal's death, any remaining

balance is to be paid to the principal's estate. While Section 5603(b) authorizes the creation of a trust and Section 5603(b)(1) addresses the disposition of trust assets, both are silent as to trust administration. The Uniform Trust Act ("UTA"), however, applies to all express trusts. 20 Pa.C.S.A. § 7702. A trust created under Section 5603(b) is an express trust. The UTA more fully addresses the duties of a trustee during and upon termination of a trust, including the duty to take reasonable steps to enforce or defend claims of a trust and to file an account of his or her administration. *See* 20 Pa.C.S.A. §§ 7780.1, 7797. The point being, a principal's death under Section 5603(b)(1) measures the duration of a trust, but does not eliminate the obligation of a trustee to wind up and complete the administration of a trust. A contrary conclusion, as suggested by the Decedent's son David—arguably a judgment debtor of the trust—would, in a sense, create a rudderless ship unable to find its destination port.

Judge Olson joins this concurring memorandum.